UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:25-CV-00108-RGJ

ALEX H.                                                                            PLAINTIFF

VS.

FRANK BISIGNANO,
*Commissioner of Social Security*                                                  DEFENDANT

## FINDINGS OF FACT, CONCLUSIONS OF LAW
## AND RECOMMENDATION

Claimant Alex H. appeals from the final determination of the Commissioner of Social Security denying his application for disability insurance benefits. (DN 1). Claimant filed a fact and law summary and brief. (DN 10, DN 11). The Commissioner responded in a fact and law summary. (DN 15). Claimant filed a reply brief. (DN 16). The District Judge referred the case to the undersigned United States Magistrate Judge for consideration and preparation of a report and recommendation, as authorized in 28 U.S.C. § 636(b)(1)(B). (DN 9).

## I. Findings of Fact

Alex H. ("Claimant") applied for disability insurance benefits under Title II of the Social Security Act in December 2018, alleging disability beginning on February 27, 2015. (Transcript, hereinafter, "Tr." 322). He alleged disability based on back injury, hip injury, left and right shoulder injuries, left and right ankle injuries, anxiety, depression, post-traumatic stress disorder ("PTSD"), and sleep apnea. (Tr. 356). Claimant's application was denied by the State agency Disability Determination Service at both the initial and reconsideration levels. (Tr. 154-55, Tr. 171-72).

At Claimant's request, Administrative Law Judge Boyce Crocker ("ALJ Crocker")

conducted a video hearing on December 2, 2019. (Tr. 74-100). On January 22, 2020, ALJ Crocker issued a decision finding that Claimant was not disabled. (Tr. 173-89). On February 14, 2020, The Appeals Council remanded the case back to ALJ Crocker. (Tr. 190-96). Among other reasons, the Appeals Council stated that ALJ Crocker must give "further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific reference to evidence of record in support of the assessed limitations." (Tr. 194).

ALJ Crocker held a new hearing on September 15, 2020. (Tr. 40-73). On October 27, 2020, ALJ Crocker issued a second decision finding that Claimant was not disabled. (Tr. 14-39). The Appeals Council denied Claimant's request for review on January 28, 2021. (Tr. 1-4). Claimant then appealed to this Court. (Tr. 1884-94, *see Hull v. Comm'r of Soc. Sec.*, No. 3:21-CV-00185-RGJ-RSE (W.D. Ky. 2021)). On February 4, 2022, District Judge Rebecca G. Jennings issued an order vacating ALJ Crocker's decision based on a joint motion for remand. (*Id.*). In May 2022, the Appeals Council issued an order remanding the case to a new ALJ. (Tr. 1875-80). Among other things, the Appeals Council directed the ALJ to "give further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations." (*Id.*).

Administrative Law Judge Davida Isaacs ("ALJ Isaacs") held a new hearing on August 17, 2022. (Tr. 1856-74). A supplemental hearing was held on April 13, 2023, at which ALJ Isaacs took additional testimony from an impartial vocational expert ("VE"). (Tr. 1839-55). On July 5, 2023, ALJ Isaacs issued a decision finding that Claimant was not disabled. (Tr. 1804-38). Claimant again appealed to this Court. (Tr. 2547-50, *see Hull v. Comm'r of Soc. Sec.*, No. 3:23-CV-00563-CRS-CHL (W.D. Ky. 2024)). On February 13, 2024, District Judge Charles R. Simpson III issued

an order vacating ALJ Isaacs' decision based on a joint motion for remand. (*Id.*).

The Appeals Council issued an order remanding the case to ALJ Isaacs, with specific directions related to ALJ Isaacs' evaluation of Claimant's residual functional capacity ("RFC"). (Tr. 2551-57). The Appeals Council stated that ALJ Isaacs' decision did not "contain an adequate evaluation of the medical opinion of psychological consultative examiner Ollie Dennis, Ed.D. in evaluating the [C]laimant's [RFC]." (*Id.*). The Appeals Council noted that while ALJ Isaacs found the opinion persuasive in her brief discussion of it in the RFC assessment, she did not include any mental limitation in Claimant's RFC and "did not provide rationale for not doing so." (*Id.*). The Appeals Council also took issue with ALJ Issacs' evaluations of State agency physicians Dr. Douglas Back, M.D.'s and Dr. Timothy Gregg, M.D's opinions. (*Id.*). The Appeals Council stated that while ALJ Isaacs found the opinions, opining that Claimant could perform light exertional work, "not persuasive" with the objective medical evidence that limited Claimant to sedentary exertional work, she nonetheless limited Claimant's RFC "to a reduced range of light work without rationale for doing so." (*Id.*). The Appeals Council directed ALJ Isaacs to give "further consideration to the [C]laimant's maximum [RFC] during the entire period at issue and provide rationale with specific references to evidence in the record in support of assessed limitations" on remand. (*Id.*).

ALJ Isaacs held a new hearing on August 21, 2024. (Tr. 2489-511). On October 28, 2024, ALJ Isaacs issued a second decision finding that Claimant was not disabled. (Tr. 2451-88). In applying the five-step sequential analysis from 20 C.F.R. § 404.1520(a), ALJ Isaacs made the following findings. First, Claimant did not engage in substantial gainful activity from February 27, 2015, his alleged onset date, through September 30, 2020, his date last insured. (Tr. 2457). Second,

through the date last insured, Claimant had the following severe impairments: residual effects subsequent to right shoulder rotator cuff surgery, residual effect of left bicep tear, ankle fracture and residual effects of ankle surgery, degenerative disc disease of the lumbar spine, degenerative joint disease of the knees and hips, carpal tunnel syndrome, and obesity. (*Id.*). Third, through the date last insured, Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairs in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 2462). Fourth, through the date last insured, Claimant had the RFC to perform "light work" with the following exceptions:

> The claimant could no more than occasionally reach overhead with the dominant shoulder/arm; he could never more than frequently reach overhead with the nondominant shoulder; he could never climb ladders/scaffolds; he can have no more than frequent in front reach/handling/fingers bilaterally. The claimant must have avoided all exposure to vibration, and could have no more than occasional exposure to large, moving machinery and unprotected heights. He could walk/stand for no more than four hours in a workday.

(Tr. 2464). When evaluating Claimant's RFC, ALJ Isaacs discussed Claimant's statements about the intensity and limiting effects of his symptoms along with the opinions of Claimant's physicians, State agency consultants, and consultative examiners. (Tr. 2474). ALJ Isaacs found the Claimant's allegations about the intensity, persistence, and severity of his symptoms "not entirely consistent" with the medical evidence, his statements regarding daily activities, and other evidence of record in finding that the objective medical evidence supported the RFC. (*Id.*).

Finally, through the date last insured, ALJ Isaacs determined that Claimant was unable to perform any past relevant work, but could perform other work including toll collector, ticket helper, and office helper, each of which had over 70,000 jobs nationally. (Tr. 2476).

Based on these findings, ALJ Isaacs concluded Claimant was not under a disability, as defined in the Social Security Act, from February 27, 2015 to September 30, 2020. (Tr. 2477).

Because Claimant did not appeal and the Appeals Council did not review ALJ Isaacs' decision on its own, the decision became final on December 28, 2024. (Tr. 2452). Since then, Claimant appealed to this Court pursuant to 42 U.S.C. § 405(g). (DN 1).

## II. Standard of Review

Administrative Law Judges make determinations as to social security disability by undertaking the five-step sequential evaluation process mandated by the regulations. *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 803-4 (6th Cir. 2008) (citing *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)); 20 C.F.R. §§ 404.1520(b), 416.920(b). Throughout this process, the claimant bears the overall burden of establishing they are disabled; however, the Commissioner bears the burden of establishing the claimant can perform other work existing in significant numbers in the national economy. *Id.* at 804 (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

When reviewing the Administrative Law Judge's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, the Court's review of the Administrative Law Judge's decision is limited to an inquiry as to whether the Administrative Law Judge's findings were supported by substantial evidence, 42 U.S.C. § 495(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted), and whether the Administrative Law Judge employed the proper legal standards in reaching her conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence exists "when a reasonable mind could support a decision as adequate to support the challenged conclusion, even if that evidence could support a decision the

other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). The Supreme Court has clarified "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high[.]" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). When the Court reviews the Administrative Law Judge's application of legal standards, the decision is reviewed for harmless error. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009). Accordingly, when an Administrative Law Judge fails to adhere to the appropriate rules and regulations, remand is not warranted unless "the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." *Id.* (quoting *Connor v. United States Civil Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983)).

### III. Conclusions of Law

Claimant submits numerous claims of error. Claimant's first two claims relate to ALJ Isaacs' evaluation of consultative examiner Dr. Dennis' opinion and examining Veterans' Administration physician Dr. Wright's opinion in the RFC assessment. (DN 10, at PageID # 3142). Claimant states ALJ Isaacs deviated from two of the mild limitations opined by Dr. Dennis despite finding his opinion persuasive and failed to adopt or reject the limitations in her decision. (*Id.* at PageID # 3145-46). Claimant states that ALJ Isaacs did not properly evaluate the opinion of Dr. Wright and likewise failed to adopt or reject his limitations on persistence and environment related to Claimant's migraine headaches. (*Id.* at PageID # 3146-47). Claimant's next claim relates to an inconsistency in ALJ Isaacs' evaluation of State agency physician opinions of Dr. Back and Dr. Gregg. (*Id.* at PageID # 3146). Claimant states that remand is warranted since this is ALJ Isaacs' second decision and she has once again failed to evaluate Dr. Back's and Dr. Gregg's opinions with precision and clarity. (*Id.*). Claimant's next claim states that ALJ Isaacs failed to acknowledge

and evaluate the opinion of State agency physician Dr. Reed. (*Id.* at PageID # 3147). Claimant states that ALJ Isaacs could not have evaluated the consistency of the medical evidence when she ignored Dr. Reed's medical opinion. (*Id.*). Finally, Claimant states that ALJ Isaacs' decision was not supported by substantial evidence and that had she appropriately evaluated these medical sources, she would be required to find Claimant disabled. (*Id.* at PageID # 3142).

## A. ALJ Isaacs' Evaluation of Dr. Dennis' Opinion

Claimant's issues mainly revolve around the RFC determination. Claimant first takes issue with ALJ Isaacs finding Dr. Dennis' opinion about Claimant's mental limitations persuasive yet omitting mental limitations from the RFC. (DN 10, at PageID # 3145-46).

A claimant's RFC is defined as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(c). Put otherwise, the RFC is the most a claimant can do despite their physical and mental limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). An ALJ bases their RFC determination on "all of the relevant medical and other evidence" in the case record. *Id.* (a)(3).

Upon reviewing the record, Claimant underwent a consultative examination with Dr. Ollie Dennis, Ed.D. in August 2018. (Tr. 1359-64). Dr. Dennis observed that Claimant was friendly, "spontaneously verbal," and exhibited normal apprehension. (Tr. 1360). Based on testing, he reported that Claimant had an adequate recent and remote memory. (Tr. 1360-61). He noted that Claimant reported the general ability to complete simple home tasks, such as making purchases and managing finances, engage in volunteer work, and manage his personal hygiene with little difficulty. (Tr. 1362-63). He also noted that Claimant indicated he functioned at a lower level of

efficiency due to back pain and his right foot surgery. (Tr. 1363).

Based on his examination, Dr. Dennis diagnosed Claimant with PTSD and an unspecified depressive disorder (*Id.*). He also reported that Claimant had no history of mental health treatment outside of that for his PTSD, finding that Claimant's "[c]ognitive estimates fall within the average range." (*Id.*). Dr. Dennis opined that Claimant can "probably understand and remember one and two stage instructions with mild difficulty[,]" his attention span is mildly limited, and his social interaction is mildly to moderately impaired. (*Id.*). He further opined that Claimant's "overall capacity to adapt to pressures of normal daily work activity is probably mildly to moderately limited at this time." (*Id.*).

ALJ Isaacs found Dr. Dennis' opinion "generally persuasive to the extent consistent with most of the objective medical evidence[,]" which was limited to "the findings of 'mild' limitation[.]" (Tr. 2472-73). ALJ Isaacs highlighted the extensive evidence in the record, including Dr. Dennis' opinion, of Claimant choosing to and successfully engaging in social interaction, taking on household responsibilities, and even seeking employment and engaging in volunteer work, all while maintaining normal mental status examinations. (*Id.*). ALJ Isaacs did not include mental limitations in the RFC. (Tr. 2464).

Claimant believes that ALJ Isaacs erroneously omitted mild mental limitations opined by Dr. Dennis in the RFC despite finding his opinion persuasive, namely Claimant's ability to understand one and two stage instructions, interact with others, and adapt to daily work pressures. (DN 10, at PageID # 3145-46). Claimant adds that these errors are even more significant considering the VE's testimony about the work preclusive effect of the limitations. (*Id.*).

An ALJ is required to consider the limiting effects of all a claimant's impairments, severe

8

and nonsevere, in the RFC. 20 C.F.R. § 404.1545(e). That said, an ALJ is not required to adopt opined limitations, even those proffered in an opinion she found persuasive. *See Smith v. Comm'r of Soc. Sec.*, 715 F. Supp. 3d 994, 999 (E.D. Mich. 2024); *Phillips v. Comm'r of Soc. Sec.*, No. 3:22-CV-01144, 2023 WL 4078204, at *6 (N.D. Ohio Apr. 4, 2023) ("[M]ild limitations do not automatically mandate specific limitations in the RFC."); *Angel E. v. Comm'r of Soc. Sec.*, No. 3:22-CV-317-CHB-CHL, 2023 WL 4996612, at *5 (W.D. Ky. June 9, 2023) ("an ALJ need not adopt a medical opinion verbatim, even if he found it persuasive"). This means ALJ Isaacs was not required to adopt mild mental limitations in the RFC simply because she found Dr. Dennis' opinion persuasive.

Even so, an ALJ must adequately explain how such impairments and any limiting effects impacted the RFC. *Diane B. v. Comm'r of Soc. Sec.*, No. 3:23-CV-00404-CHL, 2024 WL 4282322, at *4 (W.D. Ky. Sep. 24, 2024) ("the ALJ must have articulated her rationale well enough for this Court to understand why she found that [claimant's] nonsevere mental impairments did not impact her functional abilities" (internal citations omitted)); *Ceol v. Berryhill*, No. 3:25-CV-315-CCS, 2017 WL 1194472, at *10 (E.D. Tenn. Mar. 30, 2017) (finding error where ALJ "provided no discussion in the RFC portion of the decision as to whether the Plaintiff's mild limitations caused by the Plaintiff's anxiety produced work-related limitations."); *Charles W. S. v. Comm'r of Soc. Sec.*, No. 2:21-CV-349, 2022 WL 2734422, at *10 (S.D. Ohio July 14, 2022) (finding that the ALJ adequately discussed Claimant's mild mental impairments to support their omission from the RFC). An adequate explanation demonstrates that all the impairments were considered and does not require each impairment to be individually discussed. *See Smith*, 715 F. Supp. 3d at 999-1000 (finding that "even if the ALJ failed to explain why" there were no mental

limitations in the RFC, the ALJ did not err because he specifically discussed the claimant's mental impairments in the RFC assessment). Failure to do so may constitute reversible error if the decision fails to provide a logical connection between the evidence and the result. *Katona v. Comm'r of Soc. Sec.*, No. 14-CV-10417, 2015 WL 871617, at *7 (E.D. Mich. Feb. 27, 2015) (collecting cases).

ALJ Isaacs did not discuss Dr. Dennis' opined limitations individually and she was not required to. Regardless, her evaluation shows that they were considered. In the RFC assessment, ALJ Isaacs discussed Claimant's mental impairments and limitations, including those opined by Dr. Dennis. (Tr. 2465-66, Tr. 2471-72, Tr. 2472-73, Tr. 2474). She considered the record evidence, or lack thereof, of the disabling effect of the mild mental limitations on Claimant's ability to engage in work-related activity. (Tr. 2472-73). She cited to Claimant's own statements about his daily activities and other medical opinions reporting that he participates in a variety of tasks that involve managing his household, helping with chores, and group volunteer work. (*Id.*). She cited to medical evidence that reported Claimant's recent and remote memory was normal and that the same was true of his mental status examinations, even during times of increased pressure. (*Id.*). ALJ Isaacs adequately demonstrated that despite any mild mental limitations as opined by Dr. Dennis, the record evidence logically supported her finding that such limitations did not affect Claimant's ability to engage in work-related activities and thus supports their omission from the RFC.

To the extent that the VE testified that the mild limitations opined by Dr. Dennis were work preclusive, ALJ Isaacs was not required to adopt those limitations when substantial evidence supported her decision to exclude them from the RFC. *See Scholfield v. Comm'r of Soc. Sec.*, No.

3:24-CV-00070-JJH, 2024 WL 4750026, at *16 (N.D. Ohio Nov. 12, 2024) ("an ALJ is not required to include limitations in an RFC that the ALJ finds are not applicable, even where the VE testifies that those limitations would be work preclusive") (citing *Rudd v. Comm'r of Soc. Sec.*, 31 F. App'x 719, 730 (6th Cir. 2013)); *Roberts v. Comm'r of Soc. Sec.*, No. 4:16-CV-2533, 2017 WL 5501323, at *13 (N.D. Ohio Oct. 19, 2017) ("an ALJ is not required to rely on a VE's response to limitations the ALJ ultimately does not adopt"). This means ALJ Isaacs did not err by omitting the mental limitations opined by Dr. Dennis, even considering the VE's testimony about their work preclusive effect. ALJ Isaacs' RFC assessment as to Claimant's mental impairments traces a clear path of reasoning and is supported by substantial evidence in the record.

### B. ALJ Isaacs' Evaluation of Dr. Wright's Opinion

Claimant next argues that ALJ Isaacs failed to adequately evaluate Dr. Wright's opinion about Claimant's migraine headaches and adopt or reject his opined limitations in the RFC. (DN 10, at PageID # 3146-47).

In August 2015, Dr. Griggs Wright, M.D. completed a disability benefits questionnaire for Claimant. (Tr. 1172-74). Dr. Wright included a summary of Claimant's migraine related medical history, reporting that Claimant "purports an insidious onset of migraine headaches" and that he takes over-the-counter migraine medication to relieve his symptoms. (Tr. 1172). Dr. Wright noted that it was the only treatment Claimant received for his migraines. (*Id.*). He noted that Claimant experienced constant head pain, lasting less than day, and occurring more than once a month. (Tr. 1172-73). He also noted that Claimant's symptoms included sensitivity to light and sound and changes in vision. (*Id.*). Dr. Wright concluded by opining that Claimant should be able "to take prolonged breaks as needed which may also necessitate that the claimant isolates himself within a

room or environment free of stressors such as bright lights or loud noises until the [] symptoms extinguish[.]" (Tr. 1174).

ALJ Isaacs discussed Claimant's headaches at Step Two, finding that they were not a severe impairment. (Tr. 2458-59). ALJ Isaacs began by noting Claimant's reports that he gets headaches four to five times per week and they become increasingly severe if he does not manage them with migraine medication. (*Id.*). ALJ Isaacs cited to medical evidence, including Dr. Wright's opinion, as consistent with Claimant's report that he could manage his headache symptoms with over-the-counter migraine medication. (Tr. 2459). ALJ Isaacs explained that Claimant "reported that the headaches started in 2005, and the [C]laimant had remained [employed] for many years after that, which shows that with proper treatment, he had been able to stay fully functional for many years." (*Id.*).

ALJ Isaacs did not explicitly mention Claimant's headaches in the RFC. She discussed Dr. Wright's opinions in the RFC, but only those related to Claimant's physical impairments. (Tr. 2474). In support of ALJ Isaacs' overall finding that Dr. Wright's opinion was not persuasive, she compared Dr. Wright's opined limitations related to Claimant's physical impairments with his internal findings, objective medical evidence, and Claimant's own statements. (*Id.*). ALJ Isaacs found that Dr. Wright's opinion was inconsistent, unpersuasive, and in some instances overstated Claimant's limitations. (*Id.*).

Claimant takes issue with ALJ Isaacs' failure to directly evaluate Dr. Wright's opinion related to Claimant's headaches and his opined limitation in the RFC assessment. (DN 10, at PageID # 3146-47). Claimant posits that ALJ Isaacs explicitly stated her reasons for rejecting Dr. Wright's opinion related to Claimant's physical impairments in the RFC and that she should have

12

done the same for his migraine headaches. (*Id.* at PageID # 3147). Claimant emphasizes that VE testimony established the potentially work-preclusive effect of the opined limitations and that ALJ Isaacs' failure to adopt or reject limitations on persistence or environment in the RFC warrants remand. (*Id.*).

This Circuit recognizes that an ALJ's decision must be read as a whole. *Norris v. Comm'r of Soc. Sec.*, 461 F. App'x. 433, 440 (6th Cir. 2012) ("So long as the ALJ's decision adequately explains and justifies its determination as a whole, it satisfies the necessary requirements to survive this court's review"). When an impairment is not discussed in the RFC assessment, an ALJ's decision may survive this Court's review when it is otherwise discussed in a manner that creates a logical connection between the evidence and the ALJ's finding. *See Diane B.*, 2024 WL 4282322, at *4 (finding a reference to SSR 96-8p, discussion of the impairment's functional limitations at step two, and assurance that the entire record was considered may be sufficient to find that ALJ considered all of a claimant's impairments in the RFC); *cf. Richardson v. Saul*, 511 F. Supp. 3d 791, 799 (E.D. Ky. 2021) (remanding because the court could not discern why the RFC omitted limitations and the ALJ did not address it anywhere in the decision). Applying that rule, ALJ Isaacs adequately evaluated Claimant's headaches to justify their omission from the RFC.

ALJ Isaacs specifically noted in her summary of the applicable law that she "must consider all of the [C]laimant's impairments" severe and nonsevere, to determine Claimant's RFC, citing to 20 CFR 404.1520(e), 404.1545, and SSR 96-8p. (Tr. 2456). At the beginning of the RFC assessment, she assured that the RFC was made "after careful consideration of the entire record[.]" (Tr. 2464). While ALJ Isaacs did not directly discuss Claimant's headaches in the RFC assessment, she did at Step Two and reiterated that "all the [C]laimant's medically determinable impairments,

13

severe and non-severe, have been considered in the formation of the [RFC.]" (Tr. 2462). Beyond these general statements, ALJ Isaacs' Step Two evaluation of Claimant's statements, the medical evidence, and other evidence of record support her finding that Claimant received little treatment for his headaches, his symptoms were controlled by medication, and they did not impact his ability to engage in work-related activities. (Tr. 2458-59). This constitutes substantial evidence to not include Dr. Wright's opined limitation in the RFC. *See Diane B.*, 2024 WL 4282322, at *5. ALJ Isaacs' decision adequately explains why Dr. Wright's unpersuasive limitation was omitted from the RFC.

Claimant fails to point to evidence that detracts from ALJ Isaacs' decision to omit Dr. Wright's opined limitation from the RFC, other than VE testimony. As discussed in the last section, ALJ Isaacs was not required to adopt an inapplicable limitation in the RFC based on VE testimony alone. *See Scholfield*, 2024 WL 4750026, at *16; *Roberts*, 2017 WL 5501323, at *13. Review is not warranted solely because ALJ Isaacs did not restate her findings in the RFC assessment. ALJ Isaacs' decision traces a clear path of reasoning and is supported by substantial evidence.

### C. ALJ Isaacs' Evaluation of Dr. Back's & Dr. Gregg's Opinions

Claimant argues that ALJ Isaacs erred in her evaluation of State agency physicians Dr. Douglas Back, M.D. and Dr. Timothy Gregg, M.D. (DN 10, at PageID #3146). Claimant directs the Court to ALJ Isaacs' finding that their opinions were "persuasive, as they were not consistent with a majority of the objective evidence[.]" (*Id.* (citing Tr. 2472)). Claimant states that "inconsistency would be a reason to find these opinions not persuasive" and cautions the Court against treating the finding as a "scrivener's error" and interpreting ALJ Isaacs' intent given the

previous deficiencies in both ALJ Isaacs' and ALJ Crocker's decisions. (*Id.*). The Commissioner, on the other hand, argues against remand while admitting ALJ Isaacs' finding was a "mere scrivener's error." (DN 15, at PageID # 3175). The Commissioner cites cases in support of its position that a reasonable reading of the decision demonstrates that ALJ Isaacs meant to find Dr. Back's and Dr. Gregg's opinions persuasive and consistent with the evidence and that the error does not warrant remand. (*Id.*).

This Circuit recognizes that a scrivener's error, such as a typographical error, is harmless and does not warrant remand if the "ALJ's meaning is clear in context." *Martin v. Comm'r of Soc. Sec. Admin.*, No. 5:22-CV-01679-JRA, 2023 WL 4868788, at *8 (N.D. Ohio July 11, 2023) (collecting cases); *see Williams v. Comm'r of Soc. Sec.*, 227 F. App'x 463, 464 (6th Cir. 2007) ("The district court carefully considered this error and concluded that the mistaken reference . . . did not in anyway undermine the substance of the analysis or the conclusions reached by the ALJ."). In this case, ALJ Isaacs' intent is clear and the error does not undermine her decision.

Dr. Back opined that Claimant could lift or carry 20 pounds occasionally, 10 pounds frequently; could sit, or stand and/or walk, for six hours in an eight-hour work-day; and occasionally stoop, kneel, crouch, and crawl. (Tr. 132). Dr. Gregg opined that Claimant could perform limited right overhead reaching, occasionally climb, and frequently crawl. (Tr. 167). Both doctors rated Claimant's ability at a light exertional level. (Tr. 134, Tr. 168-69). When ALJ Isaacs evaluated their opinions in the RFC assessment, she stated that the other objective medical evidence indicated Claimant could perform activity at a light exertional level. (Tr. 2472). ALJ Isaacs found Dr. Back's and Dr. Gregg's opinions "persuasive as they were not consistent" with the objective medical evidence. (*Id.*). Yet her reasoning in the RFC assessment and decision as a

15

whole reveal that "not consistent" was a typographical error. The doctors' light exertional level findings are consistent with other objective medical evidence, to which ALJ Isaacs cites, finding the same. It is clear in context that ALJ Isaacs intended to find their opinions "consistent" with the objective medical evidence. ALJ Isaacs' error did not undermine the substance of her conclusion and does not warrant remand.

### D. ALJ Isaacs' Omission of Dr. Reed's Opinion

Finally, Claimant believes that ALJ Isaacs did not properly evaluate the consistency of the medical evidence because she did not cite to, acknowledge, or discuss the opinion of State agency physician Dr. Jack Reed, M.D. (DN 10, at PageID # 3147 (citing 20 C.F.R. § 404.1520c(b))). The Commissioner responds that ALJ Isaacs was not required to explicitly address Dr. Reed's opinion because his opinion was substantively identical to Dr. Gregg's. (DN 15, at PageID # 3175-76).

An ALJ must evaluate every medical opinion received and articulate in the decision how persuasive she found each opinion. 20 C.F.R. § 404.1520c(b). When an ALJ does not fully comply with a regulation, "[n]o principle of administrative law or common sense requires [the Court] to remand [the] case in the quest of a perfect opinion unless there is reason to believe that remand might lead to a different result." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507 (6th Cir. 2006).

In this case, the ALJ did not address Dr. Reed's opinion or why it was left out of the RFC. Even so, remand would not change the outcome. Dr. Reed's opinion, including limitations, was identical to Dr. Gregg's. (Tr. 151-52, Tr. 167-68). ALJ Isaacs effectively considered his opinion by considering Dr. Gregg's. (Tr. 2472). What is more, ALJ Isaacs went on to impose greater restrictions in the RFC than those opined by Dr. Gregg. (Tr. 2464). Claimant does not explain how

this error prejudiced him on the merits. Nor can this Court conclude as much. Dr. Reed's opinion does not contradict the RFC determination; it lends further support to it. ALJ Isaacs' failure to expressly evaluate a medical opinion consistent with the RFC determination does not constitute a reversible error that warrants remand.

## IV. Recommendation

ALJ Isaacs' decision is supported by substantial evidence in the record and generally comports with the applicable regulations. Accordingly, the Court **RECOMMENDS** the Commissioner's decision be **AFFIRMED**.

## NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.), *aff'd*, 474 U.S. 140 (1984).

Copies:        Counsel